VALERA SMITH, an Infant, by AUSTIN L. SMITH, Her Guardian ad Litem, Respondents, v. ABE COHEN and Another, Defendants, and ROCHESTER RAILWAYS Co-ORDINATED BUS LINES, INCORPORATED, Appellant.— Same decision and like cause of action as in companion case, *Smith* v. *Cohen* (*ante*, p. 761).

LYDIA B. HUBACHEK and Others, Respondents, v. J. FRED CARLSON, Appellant. — Judgment affirmed, with costs.  All concur.  (The judgment enjoins defendant from interfering with certain easements of the plaintiffs.)  Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

NELLIE STELL, as Administratrix, etc., of GEORGE M. STEEL, Deceased, Respondent, v. THE STATE OF NEW YORK, Appellant.  (Claim No. 23395.) — Judgment affirmed, with costs.  All concur.  (The judgment is for damages for the death of intestate from injuries sustained in a State hospital.)  Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

THOMAS TRANT, Respondent, v. H. A. MOYER, INCORPORATED, and Another, Defendants, and ALBERT C. MARKERT, Appellant.— Judgment and order reversed on the facts and new trial granted, with costs to the appellant to abide the event, on the ground that the finding of the jury that the defendant Markert was guilty of negligence was against the weight of the evidence.  All concur.  (The judgment was for damages in an automobile negligence case.  The order denied a motion for a new trial on the minutes.)  Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

ELLEN A. TRANT, Respondent, Appellant, v. H. A. MOYER, INCORPORATED, and Another, Defendants, and ALBERT C. MARKERT, Appellant, Respondent.— Order affirmed, with costs to the defendant Markert.  Appeal from judgment dismissed.  Memorandum.  We find that the verdict was excessive and also that the finding of the jury that defendant Markert was guilty of negligence is against the weight of the evidence.  The order has become unconditional by failure of plaintiff to give stipulation.  We affirm the order in its unconditional form.  All concur.  (The order granted a new trial unless plaintiff stipulated a reduction of the verdict.)  Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

HOMER SESSIONS, as Administrator, etc., of GEORGE E. SESSIONS, Deceased, Respondent, v. MERTON WENZ, Appellant.— Judgment and order reversed on the law and the facts and new trial granted, with costs to the appellant to abide the event.  Memorandum.  We are unable to determine upon what theory the verdict is founded.  If founded upon the theory of ownership of the motor car by the defendant and responsibility under section 59 of the Vehicle and Traffic Law, the finding that the defendant was the owner of the car was contrary to and against the weight of the evidence.  (See *Tryon* v. *Willbank,* 234 App. Div. 335, and *Perham* v. *Cottle,* 98 Misc. 48; affd., 178 App. Div. 949.)  All concur.  (The judgment was for damages in an automobile negligence case.  The order denied a motion for a new trial on the minutes.)  Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ.

FLORENCE BRADLEY, Respondent, v. MERTON WENZ, Appellant.— Same decision and like cause of action as in companion case, *Sessions* v. *Wenz* (*ante,* p. 762).